MARSHALL DENTAL MANUFACTURING COMPANY, Appellee,
v. J. L. HARKENSON, Appellant.

1. **Evidence**: NEGATIVE TESTIMONY: WEIGHT: INSTRUCTION TO JURY. Where the testimony of one witness upon the trial of a cause as to a fact in issue is positive, and that of another witness is of a negative character, as that he does not remember the fact as testified to by the former witness, this will not warrant the court in instructing the jury that, if the two witnesses are equally credible, the affirmative answer of either is entitled to greater weight than the negative testimony of the other.

2. **Practice in Supreme Court**: RECORD: REVIEW. The supreme court will not consider an alleged error of the trial court in giving a certain instruction to the jury, where such instruction is *not set out* in the record.

3. **Promissory Note**: PAYMENT: EVIDENCE. Where in an action upon a promissory note and open account there was evidence that there was an open account between the parties not involved in the action, *held*, that the court properly instructed the jury that if such an account existed the plaintiff could apply thereon any payments made by the defendant, unless otherwise directed.

*Appeal from Cerro Gordo District Court.*—HON. JOHN C. SHERWIN, Judge.

THURSDAY, DECEMBER 17, 1891.

ACTION upon an account and a promissory note. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Blythe & Markley,* for appellant.

No appearance for appellee.

BECK, C. J.—I. The answer of the defendant pleads payment of the promissory note, and that the goods charged in the account, being supplies and appliances used by dentists, were verbally warranted to be good and sufficient in construction and material for the purposes for which they were intended, and that they proved to be unfit and insufficient as warranted. Upon the issues arising from the answer the case was tried. We shall notice the objections to the rulings of the court below in the order of their discussion by the defendant's counsel.

II. The defendant testified quite positively that he paid the note in suit before it had been sent to a bank for collection, and that he went with one of the plaintiffs to the bank, who ordered the notes to be sent back to the plaintiffs at Des Moines, their place of business. The defendant is unable to remember the exact amount paid, or the time of payment, but states both as near as he can remember. The plaintiff whom the defendant alleges ordered the notes to be sent back positively denies it, and on cross-examination declares he has no memory of such a transaction. He testified, when recalled, that there were two notes given by the defendant,—one was paid to the bank, or sent to the "house," but was not paid to him; that the defendant

1. EVIDENCE: negative testimony: weight: instruction to jury.

never paid him money on either note; and that he had no personal knowledge or memory of any payment except on the first note. He states that he does not remember of the payment to him testified to by the defendant, but that there were other dealings besides the sales of the goods for which the note was given and the account was made. The defendant asked the court to instruct the jury, in effect, that if the defendant and the plaintiff who testified in the case were equally credible the affirmative answer of either was entitled to greater weight than the negative testimony of the other, and that when one witness testified to a conversation, and the other testified that he does not recollect it, the evidence of the first is of more weight than that of the second. Doubtless positive affirmative evidence is of more weight than negative testimony, as when one declares that he saw a certain transaction, or heard certain words, and the other says that he did not see or hear what the first states in his testimony. But the rule would not apply when each witness testifies as to his memory of the transaction or conversation, as was the case with the conflicting evidence under consideration. All the difference in the manner of the evidence of the two witnesses in this case is that the defendant is a little more positive than the plaintiff. They both testify as to their memories of the matter of difference. In our opinion the instruction under consideration was rightly refused.

III. Counsel for the defendant complain of the refusal of the court below to give the fifth instruction asked by the defendant. No such instruction is found in the abstract, although it is referred to in the assignment of errors and motion for a new trial. The abstract, therefore, presents nothing for consideration on this point.

2. PRACTICE in supreme court: record: review.

IV. An instruction directed the jury that, if there were an open account between the parties, the plaintiff

3. PROMISSORY
note: pay-
ment: evi-
dence.

could apply any payment made by the defendant thereon, unless otherwise directed. It is insisted that there was no evidence to which this instruction is applicable. We think otherwise. There was evidence of an open account and dealings between the parties other than those involved in this action, in which payments had been made. It was proper for the jury to determine whether payments testified to by the defendant, which had not been credited on the notes, had been applied on the account.

V. The verdict is sufficiently supported by the evidence. These considerations dispose of all questions argued by counsel. The judgment of the district court is AFFIRMED.